UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**Miyuki Maureen Johnson,**
Plaintiff,

Civil Action No.: 3:26-cv-00044 -JFA-SVH

v.

**loanDepot.com, LLC,**
Defendant.

# VERIFIED COMPLAINT FOR INJUNCTIVE AND MONETARY RELIEF

Plaintiff, **Miyuki Maureen Johnson**, appearing **pro se**, for her Verified Complaint against Defendant **loanDepot.com, LLC**, states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. § 1331** (federal question jurisdiction), including claims arising under:

    - **12 U.S.C. § 2605 (RESPA)**

    - **15 U.S.C. § 1692 (FDCPA)**

    - **12 C.F.R. § 1024.30–1024.41 (CFPB Successor-in-Interest Rules)**

2. This Court has **supplemental jurisdiction** under **28 U.S.C. § 1367** over Plaintiff's South Carolina state-law claims.

3. Venue is proper in this District under **28 U.S.C. § 1391**, because the subject property is located in **Richland County, South Carolina**, and the harmful conduct occurred within this District.

## II. PARTIES

4. **Plaintiff:**
   **Miyuki Maureen Johnson**, is a resident of South Carolina and is the **duly appointed Trustee** of **MMJ Enterprise Foreign Express Trust**, which holds **legal title** to the property at issue.

5. **Defendant:**
   **loanDepot.com, LLC ("loanDepot")** is a mortgage servicer doing business in South Carolina and is responsible for the acts described herein.

## III. PROPERTY AT ISSUE

6. The property at issue is located at:
   **432 Bowhunter Drive, Blythewood, South Carolina 29016.**

7. Title to the property is vested in the **MMJ Enterprise Foreign Express Trust** pursuant to recorded instruments in **Richland County**.

8. Plaintiff is the **lawful Trustee and occupant** of the property.

## IV. FACTUAL ALLEGATIONS

9. The original borrower on the loan associated with this property is **deceased.**

10. Defendant **loanDepot received the Death Certificate on February 17, 2023 at approximately 5:26 PM.**

11. Despite confirmed notice of death, Defendant **continued to send default and collection communications** as if the borrower were still living.

12. On **November 21, 2025 at 3:03 PM**, Plaintiff **submitted a complete loan modification / loss-mitigation application by email and portal upload.**

13. On **December 1, 2025**, Plaintiff also sent the modification package by **certified mail** to Defendant.

14. Defendant has **failed to properly process the modification in good faith**, instead issuing threats of denial based on alleged "missing information," despite having already

received a complete package.

15. **Foreclosure notices are currently active.**

16. Defendant has **sent third-party agents to Plaintiff's home on at least THREE (3) occasions** to place door fliers and perform occupancy checks.

17. These entries occurred **after "NO TRESPASSING" signage was posted** on the property.

18. Defendant had **no consent, no court order, and no legal right to enter Plaintiff's property.**

19. During a collection communication, a Defendant representative falsely stated that **Plaintiff does not own the property and that Defendant or a related trust owns it.**

20. This statement was **false**, as title is vested in Plaintiff's Trust.

21. Defendant's conduct has caused:

- Severe emotional distress
- Loss of peace and quiet enjoyment
- Fear of wrongful foreclosure
- Ongoing harassment
- Interference with property rights

## V. CAUSES OF ACTION

### COUNT I — RESPA (12 U.S.C. § 2605)

(Bad-Faith Loss Mitigation & Dual Tracking)

22. Defendant failed to properly evaluate Plaintiff's modification application in good faith.

23. Defendant continued foreclosure activity despite an active loss-mitigation review.

24. These actions violate **RESPA and its implementing regulations.**

## COUNT II — FDCPA (15 U.S.C. § 1692)

(False Collection & Misrepresentation)

    25. Defendant attempted to collect against a deceased borrower.

    26. Defendant misrepresented legal responsibility for the debt.

    27. Defendant used deceptive and unfair collection practices.

## COUNT III — CFPB SUCCESSOR-IN-INTEREST VIOLATIONS

(12 C.F.R. § 1024.30–1024.41)

    28. Defendant failed to timely and properly recognize Plaintiff as lawful successor-in-interest.

    29. Defendant used "verification" as a delay tactic while pursuing foreclosure.

## COUNT IV — WRONGFUL FORECLOSURE PRACTICES (SC Law)

    30. Defendant pursued foreclosure actions without clean hands and in bad faith.

## COUNT V — UNFAIR TRADE PRACTICES (SCUTPA)

    31. Defendant engaged in deceptive, unfair, and misleading servicing conduct.

## COUNT VI — CIVIL TRESPASS (SC COMMON LAW)

    32. Defendant's agents entered Plaintiff's private property on three occasions without consent and after posted no-trespassing warnings.

## COUNT VII — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

    33. Defendant's pattern of harassment, trespass, and foreclosure threats constitutes extreme and outrageous conduct.

## VI. INJUNCTIVE RELIEF

Plaintiff seeks immediate and permanent injunctive relief ordering Defendant to:

- Cease all foreclosure activity
- Cease all collection activity
- Cease all physical visits and door postings
- Cease misrepresentation of ownership
- Properly process the pending modification
- Preserve all records related to this loan

## VII. DAMAGES

Plaintiff seeks:

- Actual damages
- Statutory damages (FDCPA & RESPA)
- Punitive damages
- Emotional distress damages
- Attorney's fees and costs (as allowed by law)

## VIII. JURY TRIAL DEMAND

Plaintiff demands a **trial by jury** on all issues so triable.

## IX. VERIFICATION

I, **Miyuki Maureen Johnson**, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*[signature: Miyuki Maureen Johnson]*

**Miyuki Maureen Johnson, Pro Se**
Plaintiff

# NOTARY ACKNOWLEDGMENT (SOUTH CAROLINA)

**STATE OF SOUTH CAROLINA**
**COUNTY OF RICHLAND**

On this __7th__ day of __December__, 20__25__, before me, the undersigned Notary Public, personally appeared:

**Miyuki Maureen Johnson**,
known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, and who acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

*[signature: Marlene D. Boykin]*
Notary Public, State of South Carolina

My Commission Expires: __10/21/26__

**[NOTARIAL SEAL]**

*[Seal: MARLENE D. BOYKIN, MY COMM. EXP., NOTARY PUBLIC, 10/21/2026, SOUTH CAROLINA]*