IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Miyuki Maureen Johnson,<br><br>   Plaintiff,<br><br>v.<br><br>loanDepot.com, LLC.,<br><br>   Defendant. | C/A No. 3:26-0044-JFA-SVH<br><br><br><br>**ORDER** |

## I.  INTRODUCTION

Plaintiff Miyuki Maureen Johnson, proceeding pro se, filed this civil action alleging various state and federal claims against the Defendant. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Initially, Plaintiff filed a motion for a temporary restraining order ("TRO"). Additionally, after receiving a proper form order, Plaintiff filed an Amended Complaint. Plaintiff filed this Amended Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Accordingly, the Magistrate Judge reviewed Plaintiff's motion and Amended Complaint and then prepared a set of thorough Reports and

1

Recommendations ("Reports"). (ECF Nos. 14 & 19). Within the First Report, the Magistrate Judge opines that Plaintiff's motion for a TRO should be denied. In the Second Report, the Magistrate Judge recommends that Plaintiff's Amended Complaint is subject to summary dismissal. *Id.* The Reports set forth, in detail, the relevant facts and standards of law on these matters, and this Court incorporates those facts and standards without a recitation.

Plaintiff failed to file objections to the First Report and the time for doing so has elapsed. Plaintiff filed objections to the Second Report on February 10, 2026 (ECF No. 24). Thus, these matters are ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

2

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on these matters are incorporated from the Reports and, therefore, a full recitation is unnecessary here. (ECF Nos. 14 & 19). Briefly, Plaintiff alleges that she is the occupant of a property whose previous owner is now deceased and Defendant is the servicer of the mortgage loan secured

by the Property. She alleges she "submitted documentation to Defendant sufficient to trigger Defendant's obligations under Regulation X [of RESPA], including requests to be evaluated for foreclosure alternatives and to be considered for successor-related servicing protections." (ECF No. 16). She maintains Defendant "failed to timely and properly acknowledge, evaluate, and process [her] submissions as required by Regulation X" and "issued inconsistent and contradictory communications regarding documentation requirements, deadlines, and application completeness." *Id.*

FIRST REPORT

In response to the First Report, Plaintiff failed to file any objections. A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections to the First Report and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's motion for a TRO should be denied. Thus, that Report is adopted without objection.

SECOND REPORT

In response to the Second Report, Plaintiff enumerated five separate objections.

4

Each is addressed below.

Plaintiff first takes issue with the Report's conclusion that she lacks Article III standing to bring a claim under RESPA. Specifically, the Report concluded that "Plaintiff has not shown that she has standing to bring a RESPA claim, as it appears that Defendant had not confirmed her as a successor in interest." (ECF No. 19, p. 8). Although this determination was correct at the time the Report was drafted, Plaintiff has since filed objections with additional attachments which materially alter the court's analysis. (ECF No. 25 & 26). Within those attachments, Plaintiff avers that Defendant has admitted to receiving documentation from Plaintiff and has begun processing a loan modification request. (ECF No. 26). When liberally construed, it appears Plaintiff has provided sufficient evidence to show she could now be considered a confirmed successor in interest sufficient to confer her with Article III standing. Accordingly, this objection is sustained and the court declines to adopt the portion of the Report recommending this action be dismissed for lack of Article III standing.

Despite the determination that Plaintiff has alleged Article III standing, Plaintiff's objections fail to address the Report's alternative conclusion that Plaintiff's Amended Complaint "has alleged insufficient facts to state a claim under RESPA and Regulation X." (ECF No. 19, p. 8-9). As shown below, each of Plaintiff's objections address standing and subject matter jurisdiction. None of the objections address the failure of Plaintiff to properly state a RESPA claim. Because Plaintiff has failed to object to this portion of the Report, the court is not required to give an explanation for adopting the recommendation. However, out of an abundance of caution, the court has undertaken a *de novo* review of the

Amended Complaint. Consequently, the Court agrees with the Magistrate Judge that Plaintiff's Amended Complaint lacks sufficient particularity and amounts to an impermissible shotgun pleading. Thus, Plaintiff's Amended Complaint is still subject to summary dismissal.

Plaintiff's second objection avers that the Report "erred in treating pleading deficiencies as jurisdictional defects." (ECF No. 25, p. 3). Plaintiff argues that the defects identified in the complaint are not jurisdictional and do not deprive the court of federal question jurisdiction. Given the above determination that Plaintiff has now alleged facts sufficient to confer her with Article III standing, this second objection is moot.

Within her third objection, Plaintiff claims that dismissal with prejudice at the screening stage is improper. Plaintiff avers that any deficiencies are curable, and her claims should not be dismissed with prejudice at the early screening stage. The Report is correct that a court may dismiss an action with prejudice once a Plaintiff has been given leave to amend and still fails to state a claim. However, given Plaintiff's new information and evolving claims, it appears that dismissal with prejudice may be unwarranted at this time. Accordingly, any dismissal shall be without prejudice. However, Plaintiff has failed to request amendment and further failed to propose an amendment which would alter the Report's conclusions as to Plaintiff's failure to state a claim. Accordingly, dismissal, albeit without prejudice, is appropriate.

Plaintiff's fourth objection states that her "state-law trespass claims provide independent injury supporting standing." (ECF No. 25, p. 4). Plaintiff appears to argue that her state law claims themselves provide a concrete injury which would support Article III

standing. Given the above determination that Plaintiff has indeed shown Article III standing for her RESPA claims, this objection is moot. Moreover, the fact that Plaintiff has suffered injury from a state claim, such as trespass, does not somehow provide the court with the federal question jurisdiction Plaintiff has alleged here. Thus, this objection is overruled.

Plaintiff's last objection claims that Plaintiff's motion to strike was improperly deemed moot. Plaintiff offers no objection to the Report's alternative ruling that "[a]s Defendant has not filed any pleadings, the court cannot strike any alleged misrepresentations it made to third parties, clarify the record, or preserve the original loan terms." Accordingly, even if her motion were not moot, it would still be denied for the reasons stated in the Report. Thus, this objection is overruled.

## IV. CONCLUSION

After a thorough review of the Reports, the applicable law, and the record of this case, the Court finds no clear error in the Reports. After a *de novo* review of each part of the Reports to which Plaintiff specifically objected, the Court hereby adopts the First Report and Recommendation as a whole. (ECF No. 14). Thus, Plaintiff's motion for a TRO (ECF No. 4) is denied. The Second Report and Recommendation (ECF No. 19) is adopted in part. The court declines to dismiss Plaintiff's RESPA claim for lack of Article III standing. However, the court agrees that dismissal of the RESPA claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief may be granted is appropriate. Accordingly, the court declines to exercise supplemental jurisdiction over the remaining state law claims. For the reasons discussed above and in the Reports, the

7

complaint is summarily dismissed without prejudice and without issuance and service of process. Thus, Plaintiff's motion to strike (ECF No. 17) is denied as moot.

IT IS SO ORDERED.

April 10, 2026                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

8